IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTISTREAMS, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>SEAN GAHAN and DOES 1 through 25, inclusive,<br><br>    Defendants. | No. CV-F-05-0117 REC SMS<br><br>ORDER GRANTING OPTISTREAMS, INC.'S MOTION TO DISMISS FOURTH CLAIM FOR RELIEF OF SEAN GAHAN'S COUNTERCLAIM PURSUANT TO RULE 12(b)(6) AND DIRECTING SEAN GAHAN TO FILE A SECOND AMENDED COUNTERCLAIM.<br><br>(Doc. 48) |

On November 28, 2005, the Court heard Plaintiff OptiStreams, Inc.'s ("OptiStreams") Motion to Dismiss Sean Gahan's Fourth Claim for Relief Pursuant to Rule 12(b)(6) (the "Motion"). Upon due consideration of the written and oral arguments of the parties and the record herein, the Court GRANTS the Motion and GRANTS Mr. Gahan's request for leave to amend.

**I.  Factual Background**

Defendant and Counter-Claimant Sean Gahan worked as a computer programmer for Plaintiff and Counter-Defendant

1

OptiStreams, Inc., from August 2002 through September 30, 2004. OptiStreams alleges that, on or about July 15, 2004, Mr. Gahan accessed OptiStreams' computer network and electronic database to tamper with data it contained and caused harm to electronic storage files. OptiStreams also alleges that, in or around August 2004, Plaintiff falsely told a third party that OptiStreams was insolvent and could not pay its bills. On August 30, 2004, Mr. Gahan gave OptiStreams notice that he was resigning effective September 30, 2004.

Before Mr. Gahan's employment ended, OptiStreams asked him to sign a declaration. Mr. Gahan claims that the declaration contained false and misleading statements.

Mr. Gahan claims that, on or around October 18, 2004, and on other occasions, agents of OptiStreams told third parties that Mr. Gahan had wrongfully engaged in computer hacking, that a criminal investigation had implicated Mr. Gahan, and that Mr. Gahan had failed to sign a truthful declaration arising from the incident. Mr. Gahan alleges that Steve Genuser, an OptiStreams employee, made statements about him in a memorandum of October 18, 2004. 1st Am. Countercl. Ex. C. Mr. Gahan alleges that these claims were false and injured his reputation.

**II.  Procedural History**

On December 22, 2004, OptiStreams sued Mr. Gahan in the Superior Court of California in Fresno. OptiStreams alleged causes of action for slander, breach of fiduciary duty/duty of loyalty, trespass to chattels, computer tampering, and

2

conversion.  On January 24, 2005, Mr. Gahan removed the action to this Court and filed a counterclaim for damages.  The counterclaim featured the following causes of action:  waiting time penalties under California Labor Code section 203, penalties for failure to provide COBRA notice under 29 U.S.C. section 1132, defamation, and retaliation/abuse of process.  Mr. Gahan filed an amended counterclaim on August 26, 2005.

On October 19, 2005, OptiStreams filed this motion.  On November 9, 2005, Mr. Gahan filed his opposition along with an excerpt from the deposition of Jon Haugan, the CEO of OptiStreams.

**III. Discussion**

    **A.  Legal Standard**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  In testing the sufficiency of a complaint against a Rule 12(b)(6) challenge, a court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  The Court need not, however, "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

A complaint may be dismissed as a matter of law if there is a lack of a cognizable legal theory or if there are insufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of a plaintiff's claims. De La Crux v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978), *cert. denied*, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979). Where the complaint fails to state a claim on which relief can be granted, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Allen v. Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

**B.   Abuse of Process**[1]

California courts define the tort of abuse of process as follows:

> The tort of abuse of process has two elements: there must be wrongful use of process, not merely a request for or initiation of process — and second, the act complained of must involve the use of process. Process is action taken pursuant to judicial authority. It is not action taken without reference to the power of the court. Thus, serving upon plaintiff a false notice that a bench warrant had been issued is not process, because in making the false statement defendant took no action pursuant to court authority. Merely obtaining or seeking process is not enough; there must be subsequent abuse, by a misuse of the judicial

---

[1] Mr. Gahan's Fourth Claim for Relief in actuality encompasses two types of claims: abuse of process and retaliation.

4

        process for a purpose other than that which
it was intended to serve.

Adams v. Super. Ct., 2 Cal. App. 4th 521, 530 (1992) (internal citations omitted).

       **1.    Deposition Testimony**

OptiStreams' only argument against Mr. Gahan's abuse of process claim is that it improperly relies upon privileged evidence. Mr. Gahan supports his abuse of process claim with the allegation that: "In his deposition taken on June 27, 2005 Jon Haugan testified that one of the reasons that Gahan was sued was because he refused to sign the declaration."[2] Compl. at 5.

OptiStreams claims the deposition testimony is privileged under California Civil Code section 47(b), which states:

> A privileged publication or broadcast is one made:
> . . .
> (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure,

---

[2] Mr. Gahan points to the following deposition testimony:

  Q:  Have you ever told anyone that the lawsuit was file [sic] because Mr. Gahan would not sign the declaration?
  A:  No.
  Q:  Was that a factor in the decision to file the lawsuit?
  A:  I'm sure it was a factor, but it was just one of many.

Sagaser Decl. Ex. A.

5

with certain exceptions that are inapplicable here.  Cal. Civ. Code § 47.  A deposition is a "judicial proceeding" within the meaning of section 47(b).  <u>Sipple v. Found. for Nat'l Progress</u>, 71 Cal. App. 4th 226, 243 (1999).

Contrary to OptiStreams' contention, section 47 does not function as an evidentiary privilege.  <u>Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.</u>, 42 Cal. 3d 1157, 1168 (Cal. 1986).  Rather, "[t]he privileges of Civil Code section 47, unlike evidentiary privileges which function by the exclusion of evidence (see Evid. Code, § 900 et seq.), operate as limitations upon liability."  <u>Id.</u>  In actuality, section 47 merely bars certain tort claims predicated on conduct in judicial proceedings.  <u>Id.</u>  It does not exclude statements made in judicial proceedings that go to the speaker's intent "when allegations of misconduct properly put an individual's intent at issue in a civil action."  <u>Id.</u>

To prove his abuse of process claim, Mr. Gahan must show that OptiStreams acted with an improper purpose.  Mr. Haugan's deposition testimony tends to show that OptiStreams filed the lawsuit, at least in part, as a reaction to certain conduct of Mr. Gahan, rather than to obtain recovery on the merits.  Because it does not appear as if Mr. Gahan is claiming that Mr. Haugan's deposition testimony itself was tortious, the Court need not decide whether section 47 bars such a claim.

**2.   Improper Litigation Conduct**

An abuse of process claim requires that OptiStreams did

6

something more than simply file and maintain a lawsuit with an improper purpose. <u>Oren Royal Oaks</u>, 42 Cal. 3d at 1169.  Rather, Mr. Gahan must allege, in addition to the filing with an improper purpose, "a wilful act . . . not proper in the regular conduct of the proceeding."  <u>Id.</u> at 1168-69; <u>see, e.g.</u>, <u>Trear v. Sills</u>, 69 Cal. App. 4th 1341, 1359 (1999) (plaintiff failed to state a claim for abuse of process because he did not allege an improper use of process other than filing the suit).

This requirement distinguishes the tort from a malicious prosecution claim and properly balances "the freedom of an individual to seek redress in the courts and the interest of a potential defendant in being free from unjustified litigation." <u>Id.</u> at 1169.  Redress based on merely initiating and maintaining a suit for an improper purpose is limited to the common law tort of malicious prosecution, which requires "'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his . . . favor . . .; (2) was brought without probable cause . . .; and (3) was initiated with malice . . . .'"  <u>Id.</u> (quoting <u>Bertero v. Nat'l Gen. Corp.</u>, 13 Cal.3d 43, 50 (1974)).  Allowing an abuse of process tort to proceed merely on the basis of an improper filing and maintenance of a lawsuit would effectively negate the probable-cause requirement of an action for malicious prosecution.  <u>Id.</u> at 1169-70.

Mr. Gahan's complaint does not claim that OptiStreams has prosecuted the lawsuit in an abusive manner.  Rather, he only

7

claims that "Gahan was sued" for an improper purpose (Compl. at 5), that OptiStreams' "filing of the lawsuit" constitutes an abuse of process (id. at 6), and that "the retaliatory institution of the present legal action" harmed him (id.).  These claims are insufficient as a matter of law to support a claim for abuse of process.  The Court holds that Mr. Gahan has not stated a claim for abuse of process.

### C. Retaliation

Mr. Gahan claims that he is entitled to recover for retaliation on two bases: (1) under California Labor Code sections 98.6 and 1102.5 and (2) for what he calls "retaliation in violation of public policy" (Opp'n at 4) under Tameny v. Atlantic Richfield Co. (Tameny) 27 Cal. 3d 167 (1980). OptiStreams claims that dismissal of the retaliation claim is proper because none of these authorities recognize a claim by a former employee based on conduct by an employer following voluntary resignation.  In response, Mr. Gahan cites no case law that supports a retaliation claim under such a theory.

#### 1. California Labor Code sections 98.6 and 1102.5

Under California Labor Code section 98.6(a),[3] an employer

---

[3]California Labor Code sections 98.6(a) provides, in full:

> No person shall discharge an employee or in any manner discriminate against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or

8

may not "discharge an employee or in any manner discriminate against any employee or applicant for employment" on the basis that the employee or applicant engaged in certain protected activities.  As a remedy for such a violation "any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of his or her employment" is entitled to "reinstatement and reimbursement for lost wages and work benefits caused by such acts of the employer."  Cal. Labor Code § 98.6(b).[4]  Mr. Gahan claims that his refusal to sign the

> because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights, which are under the jurisdiction of the Labor Commissioner, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in any such proceeding or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

[4]Section 98.6(b) provides, in full:

> Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee has made a bona fide complaint or claim to the division pursuant to this part, or because the employee has initiated any action or notice pursuant to Section 2699 shall be entitled to

9

1 declaration at OptiStreams' request is qualifying conduct
2 protected under Labor Code section 1102.5.[5]  "To establish a
3 prima facie case for retaliation under Section 1102.5, an
4 employee must show (1) that he engaged in protected activity, (2)
5 that he was thereafter subjected to an adverse employment action
6 by his employer, and (3) that there was a causal link between the
7 protected activity and the adverse employment action." Love v.
8 Motion Indus., 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004)
9 (citing Morgan v. Regents of Univ. of Cal., 88 Cal. App. 4th 52,

---

> reinstatement and reimbursement for lost wages and work benefits caused by such acts of the employer.  Any employer who willfully refuses to hire, promote, or otherwise restore an employee or former employee who has been determined to be eligible for such rehiring or promotion by a grievance procedure, arbitration, or hearing authorized by law, is guilty of a misdemeanor.

[5]Section 1102.5 provides, in relevant part:

> (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
> (c) An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
> (d) An employer may not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment.

10

69 (2000)).

Mr. Gahan cannot meet the second requirement for a prima facie case for retaliation because he does not allege that he faced an "adverse employment action." The requirement of an adverse employment action is supported by the text of section 98.6(b). Under that section, a claim only arises where the employee is "discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against ***in the terms and conditions of his or her employment***." Cal. Labor Code 98.6(b) (emphasis added). Furthermore, sections 98.6 and 1102.5 apply by their terms only to actions that employers take against "employees" or "applicants," not former employees. See Cal. Labor Code § 98.6(b) ("No person shall . . . in any manner discriminate against any employee or applicant for employment"); Cal. Labor Code § 1102.5 ("employer may not retaliate against an employee").

Mr. Gahan claims that language in section 1102.5 expressly forbids such retaliation against former employees. Mr. Gahan apparently is referring to the language of section 1102.5(d): "An employer may not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment." The Court does not read this language as authorizing a claim for an adverse action outside of the employment relationship. By its plain language it authorizes a suit by an employee against a present employer only. The "former employment" language authorizes a suit where the present employer

11

retaliates against the employee because of something that the employee did in a former job.  The statute uses the modifier "former" to indicate when the employee's protected act occurred. However, in indicating who may sue for the retaliation, that is, "an employee," no similar modifier is used.  The statue could have easily authorized a claim like Mr. Gahan's by extending the cause of action to prohibit retaliation against a "***former*** employee."  The statute contains no such language.  Consequently, section 1102.5(d) does not create a cause of action by former employees who face adverse action after resigning.

Furthermore, Mr. Gahan's reading of section 1102.5(d) would render it inconsistent with the language in section 98.6 that limits relief to discrimination "in the terms and conditions" of employment.  "'[S]tatutes should be interpreted in such a way as to make them consistent with each other, rather than obviate one another.'"  K & K Services, Inc. v. Irwindale, 47 Cal. App. 4th 818, 826 (1996) (quoting Nickelsberg v. Workers' Comp. Appeals Bd., 54 Cal. 3d 288, 298 (1991)).  Section 98.6(b) provides relief in certain cases where an employee's conduct meets certain statutory requirements, such as those specified in 1102.5.  The Court does not read the language in the statute that defines the protected conduct of the employee, section 1102.5, to rewrite the statute defining the class of individuals who may obtain relief under a private right of action, section 98.6(b).[6]

---

[6]At oral argument, OptiStreams urged the Court to consider in support of its interpretation the definition of "employee" that

12

It is undisputed that Mr. Gahan voluntarily resigned from his position at OptiStreams prior to the lawsuit. The only conduct that Mr. Gahan points to in support of the retaliation claim is OptiStreams' filing of the postemployment lawsuit. This conduct did not affect the "terms and conditions" of Mr. Gahan's employment: he had resigned voluntarily three months prior. Nor did OptiStreams, even if the suit was in retaliation for statutorily protected conduct of Mr. Gahan, a former employee, retaliate against "an employee" by filing the suit. Accordingly, Mr. Gahan has failed to state a claim for retaliation under sections 98.6 and 1102.5.

### 2. **Tameny Claim**

Mr. Gahan claims that California courts recognize a claim for "retaliation in violation of public policy" (Opp'n at 4) under a line of cases beginning with Tameny, 27 Cal. 3d 167. In

---

appears in California Labor Code section 3351: "'Employee' means every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed, . . . ." This definition, however, applies only to Division 4 of the Labor Code, entitled "Workers' Compensation and Insurance" and not to sections 98.6 or 1102.5. Cal. Labor Code § 3350. Nor does the Court find instructive OptiStreams' reference to Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028 (2005). The Yanowitz court interpreted California Government Code section 12940, a provision of the California Fair Employment and Housing Act (FEHA), to determine the meaning of "adverse employment action" in the context of a retaliation action. Id. at 1050. Though the statute in that case is similar to those on which Mr. Gahan bases his claim, the analysis does not inform the Court's reading of Labor Code sections 98.6 and 1102.5. This is because the Yanowitz court reached its holding by reading together of two different provisions of that statute in light of the goals of the FEHA. Id. Consequently, that analysis is unique to that statute and does not inform our interpretation of the provisions here.

1  Tameny the Supreme Court of California held that an employee
2  could recover tort damages where the employer discharges the
3  employee in violation of public policy.  Id. at 170.
4  Subsequently, the court expanded the relief created in Tameny to
5  protect employees who faced employment actions short of
6  termination.  Garcia v. Rockwell Int'l Corp., 187 Cal. App. 3d
7  1556, 1562 (1986).  Under Garcia, an employee who was not
8  terminated could recover "where disciplinary action has been
9  taken against the employee in retaliation for the employee's
10 'whistle-blowing' activities, even though the ultimate sanction
11 of discharge has not been imposed."  Id.; see Scott v. Pac. Gas &
12 Elec. Co., 11 Cal. 4th 454, 465 (1995) ("an employee, who was not
13 discharged but was wrongfully disciplined by the employer in
14 retaliation for revealing the latter's illegal activity, may sue
15 in tort" (citing Garcia, 187 Cal. App. 3d at 1562)).  California
16 courts have rejected attempts to expand Tameny claims to
17 encompass retaliatory actions outside of the employment
18 relationship.  Harris v. Atl. Richfield Co., 14 Cal. App. 4th 70,
19 75 (1993); see, e.g., Abrahamson v. NME Hosp., Inc., 195 Cal.
20 App. 3d 1325, 1329-30 (1987) (not applicable to termination of
21 contract with independent contractor); Premier Wine & Spirits v.
22 E. & J. Gallo Winery, 846 F.2d 537, 540 (9th Cir. 1988) (winery-
23 distributor contract).
24     OptiStreams did not terminate Mr. Gahan.  Nor does Mr. Gahan
25 allege that OptiStreams took any disciplinary action against him
26 while he was an employee.  Mr. Gahan alleges that he refused to

14

1  participate in an illegal activity while employed by OptiStreams,
2  that he later voluntarily resigned, and that after resignation
3  OptiStreams filed a lawsuit against him to retaliate for his
4  earlier refusal.  Mr. Gahan cites no authority that extends
5  Tameny claims to retaliatory actions that occur after the
6  employment relationship ends.  Nor does any authority indicate
7  that an employer's retaliatory lawsuit could amount to a
8  "disciplinary action" that would support a Tameny claim absent
9  termination.  See Garcia, 187 Cal. App. 3d at 1562.
10      Therefore, Mr. Gahan has failed to state a claim that
11 entitles him to relief for a retaliatory adverse employment
12 action under California Labor Code sections 98.6 and 1102.5 or
13 under Tameny.

15      **ACCORDINGLY:**
16      1.  OptiStreams' Motion to Dismiss Sean Gahan's Fourth
17          Claim for Relief Pursuant to Rule 12(b)(6) is GRANTED.
18      2.  Mr. Gahan shall file a second amended counterclaim
19          within 30 days of the issuance of this order.  Failure
20          to comply will result in dismissal of the counterclaim.

23 IT IS SO ORDERED.
24 **Dated:  December 6, 2005**              **/s/ Robert E. Coyle**
   810ha4                              UNITED STATES DISTRICT JUDGE

15