UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTISTREAMS, INC., | ) 1:05-cv-00117-REC-SMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING MOTION OF DAVID A. |
| | ) ROBERTS TO WITHDRAW AS COUNSEL |
| v. | ) FOR PLAINTIFF AND COUNTER- |
| | ) DEFENDANT OPTISTREAMS, INC. (DOC. |
| SEAN GAHAN, et al., | ) 56) |
| | ) |
| Defendants. | ) INFORMATIONAL ORDER TO PARTY AND |
| _____ | ) COUNSEL |
| | ) |
| SEAN GAHAN, | ) ORDER REQUIRING CORPORATE PARTY |
| | ) TO HAVE COUNSEL SUBSTITUTE IN TO |
| Counter-Claimant, | ) THIS ACTION NO LATER THAN THIRTY |
| | ) DAYS AFTER THE DATE OF SERVICE OF |
| v. | ) THIS ORDER |
| | ) |
| OPTISTREAMS, INC., | ) ORDER SETTING STATUS CONFERENCE |
| | ) **DATE: FRIDAY, JANUARY 20, 2006** |
| Counter-Defendant. | ) **TIME: 11:00 A.M.** |
| _____ | ) **Courtroom: 4** |
| | |
| | ORDER DIRECTING THE CLERK TO MAIL A COPY OF THIS ORDER TO PLAINTIFF AND COUNTER-DEFENDANT |

The motion of David A. Roberts and Caswell, Bell & Hillison, LLP to withdraw as attorney of record for Plaintiff and Counter-Defendant Optistreams, Inc., came on for hearing after the Court's having shortened time for notice, on December 7, 2005, at 1:35 p.m. in Courtroom 4 before the Honorable Sandra M. Snyder,

1

1  United States Magistrate Judge. David A. Roberts appeared; Howard
2  Sagaser appeared on behalf of Defendant and Counter-Claimant Sean
3  Gahan; and no other person appeared. The matter was submitted to
4  the Court on the notice of motion and motion, points and
5  authorities, and declaration submitted in support of the motion,
6  which had been served by telefax as directed by the court and by
7  hand on Plaintiff and Counter-Defendant Optistreams; and on the
8  notice of non-opposition if certain safeguards were included,
9  which was filed by Defendant and Counter-Claimant Sean Gahan.
10         I. <u>Granting of Motion to Withdraw</u>
11         Local Rule 83-182 provides that an attorney may request
12 withdrawal if grounds exist pursuant to the Rules of Professional
13 Conduct of the State Bar of California. RPC 3-700(A) provides in
14 substance that a member must obtain permission to withdraw if
15 rules of a tribunal require it; a member shall not withdraw from
16 employment until the member has taken reasonable steps to avoid
17 reasonably foreseeable prejudice to the rights of the client,
18 including giving due notice to the client, allowing time for
19 employment of other counsel, promptly releasing papers and
20 property, and complying with applicable laws and rules. RPC 3-
21 700(C)910(f) permits withdrawal if the client breaches an
22 agreement or obligation to the members as to expenses or fees.
23 RPC 3-700(C)(1)(d) permits withdrawal if the client by his or her
24 conduct renders it unreasonably difficult for the member to carry
25 out the employment effectively; Rule 3-700(C)(6) permits
26 withdrawal if the member believes in good faith in a proceeding
27 pending before a tribunal that the tribunal will find he
28 existence of good cause for withdrawal.

1  It is concluded that good cause for permitting withdrawal
2  has been shown. There is no opposition to the motion.
3  GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that the motion
4  of David A. Roberts to withdraw as attorney of record for
5  Plaintiff and Counter-Defendant Optistreams, Inc. is GRANTED, and
6  whose last known mailing address is:

7      Optistreams, Inc.
    7545 North Del Mar Avenue, Suite 203
8      Fresno, California 93711.

9      Telephone (559) 440-1334

10  The Clerk IS DIRECTED to mail a copy of this order to the
11  Plaintiff and Counter-Defendant, Optistreams, Inc., at the last
12  known mailing address stated hereinabove.

13  II. <u>Informational Order</u>

14  The parties and counsel ARE INFORMED that Local Rule 5-
15  135(g) states:

16      All attorneys who wish to file documents in the Eastern
    District of California must be admitted to practice or
17      admitted to appear <u>pro</u> <u>hac</u> <u>vice</u>. Admission to practice
    in the Eastern District of California includes the
18      requirement that the attorney complete an e-filing
    registration form and receive a username and password.
19      Completion of the registration form will permit
    electronic filing of documents and, unless an attorney
20      opts out, will authorize acceptance of service by
    electronic means. To do this an attorney must have a valid
21      internet e-mail address. After registration, attorneys
    will receive a unique user name and password. Registration
22      enables an attorney to file documents electronically with
    the Clerk. The court registration name and password
23      when utilized for the electronic filing of documents with
    the Clerk will serve as the party's signature for
24      Fed. R. Civ. P. Rule 11 purposes. <u>See</u> <u>also</u> L.R. 7-131.
    In conjunction with the court filing registration
25      requirement, registration for PACER, <u>see</u> L.R. 5-135(g)(3),
    is also mandated in order to permit access to images of
26      documents maintained within court electronic records.

27  **Plaintiff and Counter-Defendant Optistreams, Inc., is**
28  **advised that failure to take appropriate legal action may result**

3

**in serious legal consequences, and consideration of obtaining legal assistance is strongly advised. Further, if Plaintiff is a corporation, Plaintiff must obtain legal counsel. Corporations may participate in this action only through legal counsel.**

   III. <u>Scheduled Discovery and Other Dates</u>

   With respect to depositions set by Defendant and Counter-Claimant presently scheduled for December 12 and 19, 2005, Defendant's counsel agreed to cancel them for a brief delay before resetting them in order to permit Plaintiff and Counter-defendant Optistreams, Inc., to obtain new counsel. This was done with the understanding that Defendant would be fully protected from the presently set discovery cutoff and expert disclosure dates of December 30 and January 14, respectively. The Court further noted that it was inclined to impose the costs of re-noticing and rescheduling these depositions on Plaintiff and Counter-defendant Optistreams, Inc., upon application therefor by Defendant.

   IV. <u>Deadline for New Counsel to Substitute in to Action</u>

   The Court has determined that Plaintiff Optistreams, Inc., shall have a reasonable time within which to procure new counsel. New counsel for Plaintiff and Counter-defendant Optistreams, Inc., shall substitute in as counsel of record in this action no later than thirty days after the date this order is served.

   Plaintiff IS INFORMED that a failure to comply with this order will result in a recommendation that this action be dismissed, and that dismissal could result from such a recommendation.

   V. <u>Status Conference</u>

4

In order to consider scheduling, discovery, and any other pertinent matters, it IS ORDERED that a status conference BE HELD on Friday, January 20, 2006, at 11:00 a.m., in the courtroom of the undersigned Magistrate Judge. Either personal or telephonic appearances of counsel will be permitted.

IT IS SO ORDERED.

**Dated:   December 7, 2005**              /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE