IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OPTISTREAMS, INC., | ) | No. CV-F-05-0117 REC SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION TO DISMISS THE FOURTH |
| vs. | ) | CLAIM FOR RELIEF OF |
| | ) | DEFENDANT'S SECOND AMENDED |
| SEAN GAHAN and DOES 1 through | ) | COUNTERCLAIM.  (Doc. 74) |
| 25, inclusive, | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| Defendants. | ) | MOTION TO VOLUNTARILY DISMISS |
| | ) | ITS COMPLAINT WITHOUT |
| | ) | PREJUDICE.  (Doc. 68) |

ORDER GRANTING PLAINTIFF AND
PLAINTIFF'S COUNSEL'S MOTION
TO QUASH SUBPOENA.  (Doc. 92)

ORDER GRANTING DEFENDANT'S
COUNSEL'S MOTION TO QUASH OR,
IN THE ALTERNATIVE, MODIFY
PLAINTIFF'S SUBPOENA.  (Doc.
105)

On March 13, 2006, the Court heard (1) Plaintiff
OptiStreams, Inc.'s Motion to Dismiss Sean Gahan's Fourth Claim
for Relief Pursuant to Rule 12(b)(6), (2) Motion to Voluntarily
Dismiss Its Complaint without Prejudice Pursuant to Rule
41(a)(2), and (3) Motion to Quash Subpoena, and (4) Sean Gahan's
Motion to Quash or, in the Alternative Modify Plaintiff's

1

Subpoena.  Upon due consideration of the written and oral arguments of the parties and the record herein, the Court GRANTS the motions, as set forth herein.

**I.   Factual Background**

Defendant and Counter-Claimant Sean Gahan  ("Mr. Gahan") worked as a computer programmer for Plaintiff and Counter-Defendant OptiStreams, Inc., ("OptiStreams") from August 2002 through September 30, 2004.

OptiStreams alleges that, on or about July 15, 2004, Mr. Gahan accessed OptiStreams' computer network and electronic database to tamper with data it contained and caused harm to electronic storage files.  OptiStreams also alleges that, in or around August 2004, Mr. Gahan falsely told a third party that OptiStreams was insolvent and could not pay its bills. On August 30, 2004, Mr. Gahan gave OptiStreams notice that he was resigning effective September 30, 2004.  Before Mr. Gahan's employment ended, OptiStreams asked him to sign a declaration. Mr. Gahan claims that the declaration contained false and misleading statements.

Mr. Gahan claims that, on or around October 18, 2004, and on other occasions, agents of OptiStreams told third parties that Mr. Gahan had wrongfully engaged in computer hacking, that a criminal investigation had implicated Mr. Gahan, and that Mr. Gahan had failed to sign a truthful declaration arising from the incident.  Mr. Gahan alleges that Steve Genuser, an OptiStreams employee, made statements about him in a memorandum of October

18, 2004.  Mr. Gahan alleges that these claims were false and injured his reputation.

**II.  Procedural History**

On September 30, 2004, OptiStreams filed a lawsuit in Fresno County Superior Court (the "Superior Court Action") against former employees Ryan McMurray, Adam Nostrant, and Josh Golding. OptiStreams Inc. v. Network Innovation, 04 CE CG 02822.

On December 22, 2004, in a separate action, OptiStreams sued Mr. Gahan in the Superior Court of California in Fresno. OptiStreams alleged causes of action for slander, breach of fiduciary duty/duty of loyalty, trespass to chattels, computer tampering, and conversion.  On January 24, 2005, Mr. Gahan removed the action to this Court and filed a counterclaim for damages.  The counterclaim featured the following causes of action:  waiting time penalties under California Labor Code section 203, penalties for failure to provide COBRA notice under 29 U.S.C. section 1132, defamation, and retaliation/abuse of process.  Mr. Gahan filed an his First Amended Counterclaim ("FAC") on August 26, 2005.

On October 19, 2005, OptiStreams filed a motion to dismiss the Fourth Claim for Relief of the FAC, arguing that it failed to state a claim for retaliation or abuse of process.  On December 7, 2005, the Court granted the motion to dismiss.  On December 15, 2005, Mr. Gahan filed a Second Amended Counterclaim ("SAC"), which featured a claim for abuse of process.

On December 28, 2005, OptiStreams filed a Motion to

3

1  Voluntarily Dismiss Its Complaint Without Prejudice.  On January

2  3, 2006, OptiStreams filed a motion to dismiss the Fourth Claim

3  for Relief of the SAC, claiming that Mr. Gahan had again failed

4  to state a claim for abuse of process.

5       Mr. Gahan has opposed both motions.  In opposition to

6  OptiStreams' motion to dismiss its own Complaint, Mr. Gahan

7  requests that the Court condition dismissal on payment of Mr.

8  Gahan's attorney's fees and costs and on a requirement that

9  OptiStreams refile any new action in this case before this Court.

10 With respect to OptiStreams' motion to dismiss the SAC's Fourth

11 Claim, Mr. Gahan contends that he has stated a claim for abuse of

12 process.  OptiStreams has filed a Motion to Strike portions of

13 declarations Mr. Gahan submitted in opposition to the Motion to

14 Voluntarily Dismiss, based on a lack of personal knowledge, the

15 best evidence rule, the hearsay rule, and failure to authenticate

16 documents.

17      Mr. Gahan issued a subpoena to OptiStreams and its counsel

18 Trial & Technology Law Group ("TTLG") on January 23, 2006. On the

19 same day, OptiStreams issued a subpoena to Sagaser, Jones &

20 Hahesy ("SJH"), counsel for Mr. Gahan.  Both subpoenas sought

21 documents related to opposing counsel's legal representation in

22 this matter.

23      On January 27, 2006, OptiStreams and its counsel filed a

24 Motion to Quash Subpoena, based on several objections.  On

25 February 16, 2006, Mr. Gahan filed a Motion to Quash or, in the

26 Alternative, Modify Plaintiff's Subpoena.  Each party has opposed

4

1  the respective Motions to Quash.

2  **III. Motion to Dismiss Fourth Claim for Relief in SAC**

3      **A.    Legal Standard**

4      Dismissal of a complaint pursuant to Rule 12(b)(6) is proper

5  if "it appears beyond doubt that the plaintiff can prove no set

6  of facts in support of his claim which would entitle him to

7  relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2

8  L. Ed. 2d 80 (1957).  In testing the sufficiency of a complaint

9  against a Rule 12(b)(6) challenge, a court must "accept all

10 material allegations in the complaint as true and construe them

11 in the light most favorable to the plaintiff." <u>N. Star Int'l v.</u>

12 <u>Ariz. Corp. Comm'n</u>, 720 F.2d 578, 580 (9th Cir. 1983).  The Court

13 need not, however, "accept legal conclusions cast in the form of

14 factual allegations if those conclusions cannot reasonably be

15 drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>,

16 18 F.3d 752, 754-55 (9th Cir. 1994).

17     A complaint may be dismissed as a matter of law if there is

18 a lack of a cognizable legal theory or if there are insufficient

19 facts alleged under a cognizable legal theory. <u>Balistreri v.</u>

20 <u>Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  The

21 Court must determine whether or not it appears to a certainty

22 under existing law that no relief can be granted under any set of

23 facts that might be proved in support of a plaintiff's claims.

24 <u>De La Crux v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978), <u>cert.</u>

25 <u>denied</u>, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979).

26

**B.   Abuse of Process**

In the First Amended Counterclaim, Mr. Gahan's Fourth Claim for Relief encompassed two types of claims:  retaliation and abuse of process.  The Court dismissed the Fourth Claim because Mr. Gahan had failed to state a claim on either basis.  The SAC features a Fourth Claim for abuse of process, only.

"To state a cause of action for abuse of process . . . a plaintiff must allege (1) the defendant's ulterior motive in using the process, and (2) the use of the process in an unlawful manner."  Carney v. Rotkin, Schmerin & McIntyre, 206 Cal. App. 3d 1513, 1525 (1988);  Spellens v. Spellens, 49 Cal.2d 210, 231 (1957).

The Court dismissed the abuse of process claim in the FAC because Mr. Gahan failed to allege that OptiStreams engaged in any "willful act . . . not proper in the regular conduct of the proceeding."  See Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., 42 Cal. 3d 1157, 1168-69 (Cal. 1986); see also Bidna v. Rosen, 19 Cal. App. 4th 27, 40 (1993) (husband did not state a cause of action for abuse of process where he alleged that defendant wife filed six custody actions and that she would continue reopening cases until husband "gave up" custody of their child on ground that filing the actions did not amount to "misuse of the tools the law affords litigants once they are in a lawsuit").

In its order granting OptiStreams' motion to dismiss, the Court noted that the requirement that an abuse of process claim

6

1   not lie for merely filing or prosecuting a lawsuit serves the

2   important policy interest of balancing "the freedom of an

3   individual to seek redress in the courts and the interest of a

4   potential defendant in being free from unjustified litigation."

5   Order Granting OptiStreams' Mot. to Dismiss ("Order") 7:10-12

6   (quoting Oren Royal Oaks, 42 Cal. 3d at 1169). This is because

7   an action for improper filing and maintenance of a lawsuit must

8   be in the form of claim for malicious prosecution, which requires

9   a showing that the action was brought without probable cause.

10   Id. at 1169-70. An abuse of process claim does not require a

11   showing of lack of probable cause.  Id.

12       In the SAC, Mr. Gahan still fails to allege that OptiStreams

13   has engaged in any improper conduct in the course of the

14   litigation. Despite the Court's admonishment that an abuse of

15   process claim requires that the offending party "did something

16   more than simply file and maintain a lawsuit with an improper

17   purpose" (Order 6:26-7:2), Mr. Gahan continues in the SAC to

18   allege just that. Nowhere in the amended Fourth Claim does Mr.

19   Gahan allege that OptiStreams has engaged in improper or abusive

20   litigation conduct. Rather, he still claims that "Gahan was sued

21   in this action because he refused to sign the declaration in the

22   other legal proceeding" (SAC ¶ 26), that "one of the reasons he

23   is being sued is to influence the testimony" in the Superior

24   Court Action (id.), that "the filing of the lawsuit" constitutes

25   an abuse of process (id. at ¶ 27), and that "the retaliatory

26   institution of the present legal action" caused him emotional

distress (id. at ¶ 28).  Mr. Gahan does not point in the Fourth

Claim to any acts by OptiStreams other than filing this lawsuit

and filing the Superior Court Action.

Mr. Gahan claims that the SAC does allege a wrongful act by

OptiStreams: "witness tampering."  Opp'n 4:22-23.  Mr. Gahan

argues that the SAC alleges that OptiStreams "filed this lawsuit

with an ulterior and improper motive, and with the distinct

purpose of intimidating Gahan with the intent to influence or

prevent his testimony" in the Superior Court Action.  Id. at

4:25-27 (emphasis in original).  Mr. Gahan contends that filing

this lawsuit "with the intent to 'witness tamper'" amounts to a

willful act distinct from filing and maintaining the action.  Id.

at 4:27-5:1.

Mr. Gahan is still alleging the same conduct by OptiStreams

as it did in the FAC:  filing the lawsuit.  At oral argument, Mr.

Gahan even admitted that the allegations in the SAC referred to

the "same conduct" that he alleged in the FAC.  Simply ascribing

a new motive to OptiStreams' filing of this lawsuit does not

satisfy the requirement under California law that an abuse of

process claim allege more than "the mere filing or maintenance of

a lawsuit."  Oren Royal Oaks, 42 Cal. 3d at 1169.  "[A]buse of

process claims typically arise for improper or excessive

attachments or improper use of discovery."  Bidna, 19 Cal. App.

4th at 40 (internal citations omitted); see, e.g., White Lighting

Co. v. Wolfson, 68 Cal. 2d 336 (1968) (attachment of employee's

automobile bore no relation to his alleged liability); Younger v.

8

1  Solomon, 38 Cal. App. 3d 289 (1974) (discovery request for

2  purpose of furthering state bar disciplinary proceedings).  Mr.

3  Gahan does not allege any such wrongful litigation conduct by

4  OptiStreams.  Accordingly, Mr. Gahan has failed to state a claim

5  for abuse of process.

6      **C.   Leave to Amend**

7      Where the complaint fails to state a claim on which relief

8  can be granted, leave to amend "shall be freely given when

9  justice so requires."  Fed. R. Civ. P. 15(a); Allen v. Beverly

10 Hills, 911 F.2d 367, 373 (9th Cir. 1990).  "The district court's

11 discretion to deny leave to amend is particularly broad where

12 plaintiff has previously amended the complaint."  Id. (quoting

13 Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th

14 Cir. 1989)).  "[A] district court does not 'abuse its discretion

15 in denying a motion to amend a complaint . . . when the movant

16 presented no new facts but only "new theories" and "provided no

17 satisfactory explanation for his failure to fully develop his

18 contentions originally."'"  Allen, 911 F.2d 367 at 374 (quoting

19 Vincent v. Trend W. Technical Corp., 828 F.2d 563, 570-71 (9th

20 Cir. 1987).

21     Here, Mr. Gahan has twice amended his counterclaim.  The

22 Fourth Claim for Relief, as amended in the SAC, contains the same

23 defects that the Court pointed out when it dismissed the FAC.

24 The SAC contains no new facts indicating that OptiStreams engaged

25 in improper conduct apart from filing and maintaining the

26 lawsuit.  The Court sees no reason to provide Mr. Gahan yet

9

1  another opportunity to attempt to revive his claim for abuse of

2  process.

3       Accordingly, Mr. Gahan's Fourth Claim for Relief is

4  DISMISSED WITH PREJUDICE.

5  **IV.  Motion to Voluntarily Dismiss Complaint**

6       **A.   Voluntary Dismissal under Rule 41(a)(2)**

7       Federal Rule of Civil Procedure 41(a)(2) provides that,

8              [e]xcept as provided in paragraph (1) of this
               subdivision of this rule, an action shall not
9              be dismissed at the plaintiff's instance save
               upon order of the court and upon such terms
10             and conditions as the court deems proper.
               . . . Unless otherwise specified in the
11             order, a dismissal under this paragraph is
               without prejudice.
12
13 A decision to grant a motion to dismiss under Rule 41(a)(2) lies

14 within the sound discretion of the trial court. <u>Stevedoring

15 <u>Servs. of Am. v. Armilla Int'l B.V.</u>, 889 F.2d 919, 921 (9th Cir.

16 1989).  Before dismissing the action, the court must determine

17 whether the defendant would suffer some plain legal prejudice.

18 <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1169 (9th Cir. 1994);

19 <u>Hamilton v. Firestone Tire & Rubber Co.</u>, 679 F.2d 143, 145 (9th

20 Cir. 1982); <u>see also</u> <u>Westlands Water Dist. v. United States</u>, 100

21 F.3d 94, 97 (9th Cir. 1996) (factors to consider include whether

22 dismissal would result in the loss of a federal forum, the right

23 to a jury trial, or a statute of limitations defense).  The

24 prospect of a second lawsuit does not constitute plain legal

25 prejudice, nor does the fact that the defendant has already

26 incurred substantial expenses.  <u>Hamilton</u>, 679 F.2d at 145; <u>In re</u>

10

1   Lowenschuss, 67 F.3d 1394, 1400-01 (9th Cir. 1995) (citing Hyde &

2   Drath, 24 F.3d at 1169); see also Am. Nat'l Bank & Trust Co. v.

3   Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("The possibility

4   that plaintiffs may gain a tactical advantage by refiling in

5   state court is insufficient to deny a voluntary motion to dismiss

6   without prejudice, especially when state law is involved.").

7       Mr. Gahan does not allege in his Opposition that he will

8   suffer any legal prejudice if OptiStreams voluntarily dismisses

9   the action.  He does contend that such dismissal requires him to

10  defend "against entirely new allegations" if a new action is

11  filed against him  (Opp'n to Mot. to Voluntarily Dismiss 1:26)

12  and may be forced to litigate in two different fora

13  simultaneously (id. at 1:26-27).

14      For the first time at oral argument, Mr. Gahan contended

15  that voluntary dismissal was inappropriate because it deprived

16  him of a federal forum.  He stated that he would be prejudiced

17  because OptiStreams would assert in the Superior Court Action

18  what should be a compulsory counterclaim in this action.  He

19  cited in support Rule 13(a) of the Federal Rules of Civil

20  Procedure,[1] which requires parties who face claims in a

21  _____

22      [1]Rule 13(a) of the Federal Rules of Civil Procedure reads, in
    relevant part, as follows:

23          Compulsory Counterclaims.  A pleading shall
            state as a counterclaim any claim which at the
24          time of serving the pleading the pleader has
            against any opposing party, if it arises out
25          of the transaction or occurrence that is the
            subject matter of the opposing party's claim
26          and does not require for its adjudication the

11

1  proceeding to introduce certain counterclaims, if at all, in the

2  same proceeding.  The Court sees no reason to evaluate at this

3  stage the propriety of a future claim that OptiStreams may bring

4  in the Superior Court Action or in any other case.  State courts

5  have their own procedural rules that govern compulsory cross-

6  claims and prevent multiplicity of litigation.  See Cal. Civ.

7  Proc. Code § 426.30(a); Carroll v. Imp. Motors, Inc., 33 Cal.

8  App. 4th 1429, 1435-36 (1995) (holding that plaintiff who

9  voluntarily dismissed his complaint without prejudice was barred

10  under section 426.30 from bringing in another action new claims

11  arising from the same transaction as claims in defendants' cross-

12  complaint in the initial action).  The Court need not alter its

13  course based on a purported risk that federal procedure might not

14  be followed in state court.  Nor does the mere fact that Mr.

15  Gahan may be forced to defend in state court rather than in

16  federal court amount to legal prejudice.  See Am. Nat'l Bank &

17  Trust, 931 F.2d at 1412.

18      For the first time at oral argument, Mr. Gahan also cited

19  Sizzler USA Restaurants, Inc. v. Belair & Evans LLP (In re

20  Sizzler Restaurants International, Inc.), 262 B.R. 811 (Bankr.

21  C.D. Cal. 2000).  In that case, the court refused to dismiss

22  plaintiff's complaint without prejudice on the ground that doing

23  so would legally prejudice defendant by undermining any future

24  malicious prosecution claim.  Id. at 823.  This is because a

25

26              presence of third parties of whom the court
                cannot acquire jurisdiction.

12

1   determination on the merits is necessary to maintain such a claim

2   under California law.  Id. at 822.  The court found that

3   defendant had reason to fear that a voluntary dismissal would

4   make later recovery for malicious prosecution impossible.  Id.

5        The Court is skeptical of Mr. Gahan's eleventh hour

6   objection that voluntary dismissal will jeopardize a future

7   malicious prosecution claim.  First, Mr. Gahan has asserted that

8   OptiStreams plans to refile its claims in the Superior Court

9   Action.  Presumably, these claims will ultimately be resolved on

10  the merits, allowing Mr. Gahan to bring a malicious prosecution

11  claim if OptiStreams is unsuccessful.  Moreover, as the Court

12  holds below, OptiStreams has a reasonable chance of success on

13  the merits, at least on the claims related to computer tampering.

14  Finally, while Mr. Gahan's Opposition discussed the merits of

15  OptiStreams' claims, he did not discuss the factors bearing on

16  the likelihood of success on a malicious prosecution claim, such

17  as whether OptiStreams lacked probable cause to bring these

18  claims in the first place.  In fact, it was only in passing at

19  oral argument that Mr. Gahan mentioned any interest in bringing a

20  malicious prosecution claim.  The Court does not find plain legal

21  prejudice in the possibility that Mr. Gahan's malicious

22  prosecution claim may be foreclosed.

23       None of Mr. Gahan's practical concerns rise to the level of

24  legal prejudice on par with loss of a federal forum, the right to

25  a jury trial, or the existence of a statute of limitations

26  defense.  Accordingly, voluntary dismissal under Rule 41(a)(2) is

13

1   appropriate.

2   **B.   Conditioning Voluntary Dismissal on Payment of Fees and**
3        **Costs**

4        In deciding to grant OptiStreams' motion for voluntary

5   dismissal, the Court must decide whether to subject the dismissal

6   to any conditions.  Mr. Gahan asks the Court to condition the

7   voluntary dismissal of OptiStreams' Complaint on its payment of

8   Mr. Gahan's attorney's fees and costs.  The party against whom

9   voluntary dismissal is sought is not entitled to attorney's fees

10  and costs if plaintiff had "a realistic chance of prevailing."

11  Stevedoring Servs., 889 F.2d at 922.  The Ninth Circuit has not

12  defined what showing is sufficient to establish a realistic

13  chance of prevailing.  The district court in Stevedoring Services

14  had already decided, after weeks of hearings, that plaintiff's

15  claims failed on the merits, though they "presented a close

16  question."  Id.  Thus, it appears that a "realistic chance" can

17  be established by something less than a preponderance of the

18  evidence and less even than a showing that success is more likely

19  than not.

20  **1.   Claims Based on Computer Tampering**

21       The brunt of the claims in OptiStreams' Complaint are based

22  on Mr. Gahan's alleged tampering with its computers and data:

23  the Third Cause of Action for Trespass to Chattel, the Fourth

24  Cause of Action for Computer Tampering under California Penal

25  Code section 502, and the Fifth Cause of Action for Computer

26  Tampering under 18 U.S.C. section 1030.  OptiStreams has

14

1  introduced evidence that suggests it would have a realistic

2  chance of prevailing on these claims.

3      On July 6, 2004, Mr. Gahan contacted a forum, the "XP

4  Embedded News Group," and obtained information about how a

5  software developer can move an entire database from one computer

6  to another.  Gahan Decl. ¶¶ 66-67.  On July 15, 2004, Mr. Gahan

7  sent an e-mail reminding himself to download a database.  Kalra

8  Decl. Ex. A (Gahan Dep.) at 245:23-246:6.  He admitted in his

9  deposition that the database he was referring to was "the

10  Platypus database."  Id. at 250:14-15.  Platypus is the name of

11  OptiStreams' accounting software, and its database includes

12  information about OptiStreams' customers, including credit card

13  numbers, contact information, contract termination dates, and

14  their requirements.  Genuser Decl. ¶ 2.

15      On July 15, 2004, at 4:58 p.m., someone using the user name

16  "Prod1" logged onto OptiStreams server.  Murphy Supp. Decl. ¶ 16.

17  Six minutes later, all the hard drives on the server were erased.

18  Id.  The Prod1 user name gave the holder access to the entire

19  computer system.  A. Haugan Supp. Decl. ¶ 3.  The user name was

20  created on April 27, 2004, the day after then-network

21  administrator Ryan McMurry gave notice of his resignation from

22  OptiStreams.  Murphy Supp. Decl. Ex. A; A. Haugan Supp. Decl. Ex.

23  A.  Mr. McMurry, a former network administrator of OptiStreams,

24  left to found Network Innovation Associates, another computer

25  company.  McMurry Decl. ¶ 3.  Mr. McMurry called Mr. Gahan's

26  cellular phone eight times between July 12, 2004, and July 16,

15

2004.  A. Haugan Decl. ¶ 3; Kalra Decl. Ex. 2.

A firewall log printed July 16, 2004, indicated that at some point, an amount of data approximately equal to the size of the Platypus database was downloaded to Mr. Gahan's home computer. Murphy Supp. Decl. ¶ 9; Gahan Supp. Decl. ¶ 53.  Because the firewall log overwrote itself approximately once a day, the entry indicated that Mr. Gahan had downloaded the data recently.  <u>Id.</u> at ¶ 7.

Mr. Gahan makes a number of contentions that he claims show that OptiStreams had no realistic chance to succeed on the computer tampering claims.  Using his own declaration as evidence, Mr. Gahan argues in his opposition brief that:

- he lacked access to the firewall log and the Prod1 account.
- he was not on the premises at the time of the tampering and lacked the access to the server from his home.
- another OptiStreams employee or an unidentified person could be the culprit.
- he had permission from Mr. McMurry (whose tenure with the company had ended months before) to transfer projects, such as this one, to his home computer.
- contrary to the declaration of OptiStreams' network administrator (Murphy Supp. Decl. ¶ 17), the data allegedly deleted was backed up on tapes.
- OptiStreams has not produced documentation detailing financial damage it suffered.

16

1    •    he could have copied information out of the system at
2          any time without leaving the evidence that was left in
3          this case.
4    •    he could not have perpetrated the tampering because he
5          was having dinner with his wife during the time that it
6          occurred.

7    The Court finds that these contentions, combined with Mr.
8    Gahan's supporting declaration, do not indicate that OptiStreams
9    lacked a realistic chance of prevailing on the computer tampering
10   claims.   There is a realistic chance that the trier of fact would
11   determine from the facts that Mr. Gahan entered the OptiStreams
12   server without permission, downloaded sensitive data, and then
13   erased the server hard drives to cover their tracks.   There is
14   also a realistic chance that the trier of fact would disregard
15   Mr. Gahan's self-interested assertions to the contrary.[2]

16                    **2.    Claims Based on Defamation**

17        OptiStreams does not contend in any of its briefing that it
18   had a realistic chance of prevailing on its First and Second
19   Causes of Action, which depend on Mr. Gahan's allegedly
20   defamatory statements about OptiStreams.   Mr. Gahan has presented
21   evidence indicating that the defamation claims would not likely
22   succeed.   OptiStreams' claims that "on or about August, 2004,

23   _____

24        [2]The Court finds that Mr. Gahan's and Mr. Sagaser's
     declarations, even if admitted in their entirety, do not show that
25   OptiStreams lacks a realistic chance of prevailing.   Accordingly,
     the Court need not decide, at this stage, the merits of Plaintiff's
26   motion to strike portions of Mr. Gahan and Mr. Sagaser's
     declarations.

                                   17

Defendant Gahan told Jack Durban that Plaintiff was insolvent and could not pay its bills." Compl. ¶ 6. OptiStreams is admittedly unprofitable. Genuser Decl. ¶ 1. As of June 18, 2004, OptiStreams was past due on its payments to FedEx. Sagaser Decl. Ex. L. These uncontroverted facts indicate that Mr. Gahan would prevail on the defamation claims based on a defense of truth. This, combined with OptiStreams' failure to present evidence supporting its First and Second Causes of Action, leads the Court to find that OptiStreams did not have a realistic chance of prevailing on these claims.

### 3. Chance of Prevailing in the Action

The Court must decide whether to grant costs or attorney's fees because OptiStreams lacked a realistic chance of prevailing on two of their five claims. The Ninth Circuit upheld the denial of costs and fees based on the district court's finding that plaintiff "pursued the ***action*** . . . with a realistic chance of success." <u>Stevedoring Servs.</u>, 889 F.2d at 920-21 (emphasis added). This language indicates that viewing the Complaint in its entirety is appropriate. Such treatment seems practical in light of modern litigation practice.

Modern pleading practice involves making claims apparently supported by existing law that discovery and other developments in the case may show to be ultimately unsuccessful. The Federal Rules recognize the prospective nature of pleading and accordingly even allow complaints featuring mutually inconsistent claims to proceed past the pleading stage. <u>See</u> Fed. R. Civ. P.

18

8(e)(2); <u>Isra Fruit, Ltd. v. Agrexco Agric. Exp. Co.</u>, 631 F.
Supp. 984, 987 (S.D.N.Y. 1986) (holding that plaintiff's claims
that a contract was illegal under antitrust principles and, in
the alternative, that plaintiff was entitled to recover under the
contract survived a Rule 12(b)(6) motion).  Requiring the payment
of fees and costs for unsuccessful claims where plaintiff has a
realistic chance of success on other claims seems inconsistent
and unduly punitive based on these pleading realities.

   Viewing an action as a whole is consistent with district
courts' broad discretion to deny fees to defendants when
plaintiffs' only partially succeed in prosecuting an action.  <u>Cf.</u>
<u>In re Corrugated Container Antitrust Litig.</u>, 756 F.2d 411, 418
(5th Cir. 1985) (denying Rule 54(d) costs because jury found for
plaintiffs in part); <u>Sobel v. Yeshiva Univ.</u>, 619 F. Supp. 839,
844 (S.D.N.Y. 1985) (finding defendant was not entitled to fees
as a prevailing party where partial settlement substantially
benefitted the plaintiff class).

   The Court finds that OptiStreams had a realistic chance of
prevailing in this action.  If it were to succeed on its Third,
Fourth, and Fifth Causes of Action it might be entitled to a
substantial recovery.  Under such circumstances, it would have
prevailed in this action despite the failure of the First and
Second Causes of Action.  Accordingly, the Court declines to
condition voluntary dismissal of OptiStreams' Complaint on
payment of attorney's fees or costs.

19

### C.   Conditioning Voluntary Dismissal on Refiling Only in this Court

Mr. Gahan asks the Court to condition voluntary dismissal on an order that OptiStreams bring the case in this Court, if at all.  Mr. Gahan cites in support <u>Versa Prods. v. Home Depot, USA, Inc.</u>, 387 F.3d 1325 (11th Cir. 2004).  There, the Eleventh Circuit held that plaintiff was not legally prejudiced by a requirement that it refile the case, if at all, in the same district court.  <u>Id.</u> at 1329.  The venue restriction was justified in that case based on an earlier district court order transferring the case based on 28 U.S.C. section 1404(a).  <u>Id.</u> Because a district court had already decided the propriety of the new venue, the court of appeal decided that the venue condition was justified for two reasons.  <u>Id.</u>  The condition protected defendant from the unfairness of relitigating the venue issue and promoted judicial economy by maintaining the legal force of the transfer.  <u>Id.</u>

Mr. Gahan's rationale for conditioning refiling in this Court is to relieve him of the burden of prosecuting his counterclaim in this Court and defending in another court.  This argument is insufficient to support the relief Mr. Gahan requests.  He does not claim that being forced to litigate in state court would divest him of the benefits of any favorable rulings.  Nor does he claim that he would lose any meaningful protections of federal law.  <u>See</u> <u>Lawson v. Moore</u>, 29 F. Supp. 175, 175-76 (W.D. Va. 1939).  His argument is essentially that it

20

would be more convenient for the action to remain in one court. A plaintiff's choice of a court or courts can often create difficulties for defendants. Nevertheless, federal courts accommodate these choices and use the tools at their disposal to dispose of cases efficiently and justly. See McLaughlin v. United Va. Bank, 955 F.2d 930, 936 (4th Cir. 1992) ("principles of res judicata, collateral estoppel, and equitable stay" can ameliorate the potential for future waste of judicial resources in overlapping suits). The potential inconvenience of Mr. Gahan's prosecuting a suit in one court and defending in another does not justify the extraordinary relief of restricting OptiStreams' venue choices. Accordingly, the Court declines to condition voluntary dismissal on OptiStreams refiling these claims in this Court.

**D. Costs under Rule 54(d)**

Additionally, Mr. Gahan seeks costs under Federal Rule of Civil Procedure 54(d), which creates a presumption that the prevailing party will be awarded its taxable costs. See Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003); Fed. R. Civ. P. 54(d)(1) ("Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."). Mr. Gahan also requests costs under California Code of Civil Procedure section 1032, which provides, in relevant part: "(b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding. . . ."

21

Costs may be granted to a prevailing party who files a bill of costs "[w]ithin 10 days after entry of judgment . . . ." L.R. 54-292(b).  A party against whom costs have been taxed may object within 10 days of service of the bill of costs.  L.R. 54-292(c).

Here, Mr. Gahan has not filed a bill of costs.  In any event, it appears doing so would be premature as the action continues due to the existence of Mr. Gahan's counterclaim.[3] Accordingly, Mr. Gahan's request for costs is DENIED as premature.

## E.   Attorney's Fees

In addition to requesting that the Court condition voluntary dismissal on the payment of attorney's fees under Rule 41(a)(2), Mr. Gahan also argues that several other provisions entitle him to attorney's fees.

### 1.   Rule 54(d)

Rule 54(d)(1) only allows the prevailing party to recover "costs other than attorney's fees."  Rule 54(d)(2) sets forth the procedure for awarding attorney's fees, but only where there is a "statute, rule, or other grounds entitling the moving party to the award . . . ."  Rule 54(d)(2) does not itself authorize

_____

[3]The Court cannot determine the prevailing party prior to the final adjudication of the counterclaim.  This is because the success of a counterclaim is considered along with the success of a complaint in determining which is the prevailing party.  See Hillside Enters. v. Carlisle Corp., 69 F.3d 1410, 1416 (8th Cir. 1995) (comparing recovery on counterclaim with plaintiff's recovery to determine prevailing party); Kalkowski v. Ronco, Inc., 424 F. Supp. 343, 354 (N.D. Ill. 1976) (requiring each party to pay its own costs were "there are claims and counterclaims" and the case was "a close and difficult one").

1  attorney's fees.

2          **2.   Rule 68**

3      Rule 68 sets forth certain consequences that plaintiffs face

4  when they decline a defendant's settlement offer.  Rule 68

5  "applies only to offers made by the defendant and only to

6  judgments obtained by the plaintiff."  <u>Delta Air Lines v. August</u>,

7  450 U.S. 346, 352, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981).

8  Here, OptiStreams did not obtain a judgment in its favor on the

9  claims in its complaint.  Therefore, Rule 68 is inapplicable.

10         **3.   California Penal Code Section 502**

11     Mr. Gahan claims he is entitled to attorney's fees under

12 California Penal Code section 502(e)(2) because OptiStreams has

13 brought a cause of action under section 502.  Section 502(e)(2)

14 provides that "[i]n any action brought pursuant to this

15 subdivision the court may award reasonable attorney's fees."

16 This provision appears to authorize the court to award attorney's

17 fees to a plaintiff who prevails in an action under section

18 502(e).  Mr. Gahan does not cite, and the Court is unaware of,

19 any authority for awarding attorney's fees to a defendant under

20 502(e)(1).  In any event, the Court finds that awarding Mr. Gahan

21 such fees would not be "reasonable" given the strength of the

22 case that OptiStreams presented.

23         **4.   California Civil Procedure Code Section 1032**

24     Mr. Gahan contends that California Civil Procedure Code

25 section 1032, which entitles a prevailing party to "recover

26 costs," also entitles that party to an award of attorney's fees.

Under California law, attorney's fees are distinct from costs and are not awarded unless a statute or agreement of the parties specifies otherwise.  Cal. Civ. Proc. Code § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; . . . .").  Therefore, section 1032 does not authorize an award of attorney's fees to Mr. Gahan.

### 5.   California Labor Code Section 2802

Mr. Gahan asks the Court to order OptiStreams to indemnify him for the defense of this action under Labor Code section 2802.[4]  Mr. Gahan does not present any authority, nor is the Court aware of any, that employs section 2802 as a self-enforcing attorney fee provision.  Rather, it appears to provide a cause of action that an employee can bring against the employer for indemnity.  See, e.g., Grissom v. Vons Cos., Inc., 1 Cal. App. 4th 52, 59 (1991) (dismissing plaintiff's claim under section 2802 with leave to amend his complaint); Holt v. Booth, 1 Cal. App. 4th 1074, 1081 (1991) (holding that "[t]he cause of action

---

[4]California Labor Code section 2802 provides, in relevant part:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

1  for indemnification is dismissed as moot . . . .").  Mr. Gahan

2  has not brought a cause of action under section 2802, so the

3  Court will not decide the merits of such a claim.

4       **6.  California Corporations Code Section 317(d)**

5      Mr. Gahan also requests indemnity under California

6  Corporations Code section 317(d).[5]  That provision requires a

7  corporation to indemnify the expenses of an employee who is

8  "successful on the merits in defense" of certain proceedings

9  involving the corporation.  Cal. Corp. Code §§ 317(b)-(d).  The

10  limitation on recovery to situations where the employee is

11  "successful on the merits" means that section 317(d) applies

12  "only where the actual merits of the defense have been judicially

13  determined."  <u>Groth Bros. Oldsmobile, Inc. v. Gallagher</u>, 97 Cal.

14  App. 4th 60, 73 (2002); <u>Am. Nat. Bank & Trust Co. v. Schigur</u>, 83

15  Cal. App. 3d 790, 793 (1978).  This requires "a showing that 'the

16  disposition reflects the opinion of the court or the prosecuting

17  party that the action would not succeed.'"  <u>Gorth Bros.</u>

18  <u>Oldsmobile</u>, 97 Cal. App 4th at 73.

19      In any event, section 317(d) only entitles an employee to

20  indemnification where he "acted in good faith, in a manner the

21

22      [5]California Corporations Code section 317(d) provides:

23          To the extent that an agent of a corporation
        has been successful on the merits in defense

24          of any proceeding referred to in subdivision
        (b) or (c) or in defense of any claim, issue,

25          or matter therein, the agent shall be
        indemnified against expenses actually and

26          reasonably incurred by the agent in connection
        therewith.

1  person believed to be in the best interests of the corporation."
2  Cal. Corp. Code §§ 317(b),(c).  The stated purpose of the statute
3  is to "'to encourage capable individuals to serve' the
4  corporation."  APSB Bancorp v. Thorton Grant, 26 Cal. App. 4th
5  926, 931 (1994).  Mr. Gahan does not contend that he acted in the
6  best interests of OptiStreams in defending against OptiStreams'
7  claims.  It appears that Mr. Gahan's only interest was in
8  avoiding personal liability.  A decision in his favor could only
9  hurt OptiStreams by denying it recovery under its lawsuit.
10 Therefore, Mr. Gahan is not entitled to indemnity under section
11 317(d).

12     Accordingly, OptiStreams' Complaint is unconditionally
13 voluntarily dismissed.

14 **V.  OptiStreams' Motion to Quash**

15     Mr. Gahan issued a subpoena to OptiStreams and its counsel
16 Trial & Technology Law Group ("TTLG") on January 23, 2006.  The
17 subpoena sought billing records and records of payment for TTLG's
18 legal services.  OptiStreams moved to quash the subpoena on the
19 grounds that it seeks privileged information, seeks only
20 irrelevant documents, was not properly served, and seeks
21 documents from a party.  Because the court finds that the
22 subpoena seeks only irrelevant documents, it need not decide
23 whether OptiStreams' other objections have merit.

24     "On timely motion, the court by which a subpoena was issued
25 shall quash or modify the subpoena if it . . . subjects a person
26 to undue burden."  Fed. R. Civ. P. 45(c)(3)(A).  Courts have

decided whether a subpoena imposes an undue burden based on the relevance on the material it seeks.  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995); N.Y. State Energy Research v. Nuclear Fuel Servs., 97 F.R.D. 709, 712 (W.D.N.Y. 1983).  "[I]f the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon [the subpoenaed party] would be by definition 'undue.'"  Compaq Computer, 163 F.R.D. at 335-36.

Mr. Gahan alleges that the documents the subpoena seeks are relevant to his request for an award of attorney's fees and costs under Federal Rule of Civil Procedure 41(a)(2).  As stated above, the Court has concluded that Mr. Gahan is not entitled to an award of attorney's fees under Rule 41.  Accordingly, the subpoena does not seek documents relevant for that purpose.

Mr. Gahan also claims that the documents concerning OptiStreams' attorney's fees are relevant "[t]o the extent OptiStreams claims its attorneys' fees as an aspect of its damages in this case."  Gahan's Opp'n to OptiStreams' Mot. to Quash Subpoena.  Mr. Gahan contends that OptiStreams does not adequately describe what damages comprise the $85,000 it claims to have lost because of the computer-tampering incident.  Because these damages may include attorney's fees, Mr. Gahan posits, he is entitled to subpoena records that detail these fees.

Mr. Gahan's claim that OptiStreams seeks attorney's fees as damages for the computer tampering is pure speculation.  He

27

1  points to nothing in the Complaint or any filing of OptiStreams

2  that indicates such a claim.  Mr. Gahan's mere conjecture that

3  legal fees comprise that figure does not justify an order

4  requiring OptiStreams and TTLG to produce details of their legal

5  relationship.  OptiStreams states that no portion of the $85,000

6  in damages it sought were for its attorney's fees.  OptiStreams

7  Reply in Supp. of Mot. to Quash Subpoena 2:22-25 n. 1.  Moreover,

8  because the Court has authorized OptiStreams' unconditional

9  voluntary dismissal of its claims, details about the damages it

10 formerly sought are wholly irrelevant.

11     Accordingly, OptiStreams' motion to quash Mr. Gahan's

12 subpoena is GRANTED.

13 **VI.  Mr. Gahan's Motion to Quash**

14     On January 23, 2006, OptiStreams issued a subpoena to

15 Sagaser, Jones & Hahesy ("SJH"), counsel for Mr. Gahan.  It

16 sought documents concerning details of SJH's legal representation

17 of Mr. Gahan.  Mr. Gahan moved to quash the subpoena on the

18 grounds that the documents it seeks are privileged work product,

19 that the documents are not relevant to the proceeding, that the

20 subpoena is premature, and that OptiStreams issued the subpoena

21 to harass and annoy Mr. Gahan.

22     OptiStreams claims that the information it seeks is relevant

23 to determining whether and to what extent Mr. Gahan can recover

24 fees as a condition of OptiStreams' voluntary dismissal.  Because

25 the Court has allowed OptiStreams to voluntarily dismiss the

26 Complaint without the condition that it pay Mr. Gahan's

28

1  attorney's fees or costs, the documents the subpoena seeks are

2  not relevant.  Therefore, responding to the subpoena imposes an

3  undue burden on SJH.  See Compaq Computer, 163 F.R.D. at 335-36.

4       Therefore, Mr. Gahan's motion to quash OptiStreams' subpoena

5  is GRANTED.

6       **ACCORDINGLY:**

7       1.   Sean Gahan's Fourth Claim for Relief is DISMISSED

8            WITH PREJUDICE.

9       2.   OptiStreams' Complaint is unconditionally DISMISSED

10           WITHOUT PREJUDICE.

11      3.   Sean Gahan's request for costs is DENIED as premature.

12      4.   Sean Gahan's request for attorney's fees is DENIED.

13      5.   OptiStreams and TTLG's motion to quash the subpoena

14           Sean Gahan issued to them on January 23, 2006, is

15           GRANTED.

16      6.   SJH's motion to quash the subpoena OptiStreams issued

17           on January 23, 2006, is GRANTED.

18

19  IT IS SO ORDERED.

20  **Dated:  March 27, 2006**              **/s/ Robert E. Coyle**
    810ha4                          UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

                                29